**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5259**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

DAVID LEE GLENN,

    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., Senior District Judge. (7:09-cr-01327-GRA-1)

Submitted: June 17, 2011      Decided: July 8, 2011

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Glenn was sentenced to 300 months in prison following his conviction of armed bank robbery, 18 U.S.C. § 2113(a), (d) (2006). Glenn now appeals his sentence, contending that the district court did not adequately explain why it rejected his plea for a lower sentence. We affirm.

According to Glenn's presentence investigation report (PSR), his base offense level was 20. See U.S. Sentencing Guidelines Manual § 2B3.1(a) (2009). Two levels were added because the property of a federal financial institution was taken. See USSG § 2B3.1(b)(1). Three levels were added because Glenn brandished a dangerous weapon. See USSG § 2B3.1(b)(2)(E). Glenn's adjusted offense level was 25. (J.A. vol. 2).

Glenn was a career offender. See USSG § 4B1.1(a). The maximum statutory penalty for armed bank robbery is twenty-five years. 18 U.S.C. § 2113(d). Accordingly, Glenn's offense level as a career offender was 34. See USSG § 4B1.1(b)(B). Because this was higher than the level calculated under USSG § 2B3.1, Glenn's offense level was 34. See id. His criminal history category was VI. See id. Taking into account the statutory maximum of twenty-five years, Glenn's advisory Guidelines range was 262-300 months.

At sentencing, defense counsel agreed that the calculations in the PSR were correct. The court rejected

2

Glenn's request that he receive an adjustment based on acceptance of responsibility. Glenn then asked for a below-Guidelines sentence based on his having been a productive member of society who had met his job and family responsibilities.

After hearing from Glenn, the court sentenced him to 300 months in prison. In imposing sentence, the court stated that it had considered the advisory Guidelines as well as the 18 U.S.C. § 3553(a) (2006) sentencing factors. According to the court, the chosen sentence reflected the seriousness of Glenn's offense and provided just punishment for that offense. Additionally, the sentence took into account Glenn's criminal history and the need to protect the public and to deter future criminal conduct.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ." Id. In imposing sentence, the district court must provide an "individualized assessment" based upon the specific facts before it. United States v. Carter, 564 F.3d

3

325, 328 (4th Cir. 2009). A sentence within the properly calculated Guidelines range is presumptively reasonable. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Assuming that the sentence is procedurally reasonable, we then "consider the substantive reasonableness of the sentence imposed." Gall, 552 U.S. at 51. At this stage, we "take into account the totality of the circumstances." Id.

Here, the district court correctly calculated Glenn's advisory Guidelines range, performed an individualized assessment of the § 3553(a) factors as they applied to the case, and stated in open court the reasons for the selected sentence. Glenn's sentence, which falls within his correctly calculated Guidelines range of 262-300 months, is presumptively reasonable.

We reject Glenn's contention that his sentence is unreasonable because the court did not specifically address his request for a below-Guidelines sentence. "Where a [sentencing] matter is . . . conceptually simple . . . and the record makes clear that the sentencing court considered the evidence and arguments," extensive explanation of the sentence is not required. Rita v. United States, 551 U.S. 338, 359 (2007). Nor is it necessary that the sentencing court address every § 3553(a) factor on the record, United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), or respond to "each and every argument for leniency that it rejects in arriving at a

4

reasonable sentence." <u>United States v. Jarilla-Luna</u>, 478 F.3d 1226, 1229 (10th Cir. 2007).

We hold that the district court did not abuse its discretion in sentencing Glenn to 300 months in prison. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>